*E-FILED 08-18-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PIOTR J. GARDIAS,

    Plaintiff,

v.

THE CALIFORNIA STATE UNIVERSITY;
THE SAN JOSE STATE UNIVERSITY;
MARY CAIN-SIMON,

    Defendant.

No. C09-05611 HRL

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND; (3) SETTING INITIAL CASE MANAGEMENT CONFERENCE**

[Re: Docket Nos. 12, 16, 18]

Since 1989, pro se plaintiff Piotr Gardias has been employed by the California State University system at the San Jose State University campus. In this, the tenth in a series of Gardias' employment discrimination lawsuits,[1] he claims that defendant discriminated against him on the basis of his Caucasian race, his color, his Polish national origin, and an alleged disability. After filing the instant lawsuit, Gardias amended his complaint, as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1).

---

[1] The total number of employment actions Gardias has filed against the University is unknown, but the undersigned has (or had) ten of them. The first five suits (Case Nos. C04-04086, C04-04768, C05-01242, C05-01833 and C06-04695), which this court consolidated, alleged discriminating actions spanning, generally, the time period 2001 to 2006. The court ultimately granted summary judgment in favor of defendant. The court also granted summary judgment for defendant in the sixth lawsuit, C07-06242. The seventh action, C08-05498, covering January 2008 to November 2008, resulted in a judgment of dismissal for defendant. Summary judgment was granted in defendant's favor in the eighth lawsuit, C09-02090. A motion to dismiss has been filed in the ninth (C09-05291) action, which remains pending.

Defendants Regents of the California State University (University) and Mary Cain-Simon now move to dismiss the First Amended Complaint. Plaintiff opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court grants the motion in part and denies it in part.

DISCUSSION

A.  Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)

In their opening brief, defendants stated that they were moving to dismiss on the ground that the allegations of the complaint went beyond those asserted in Gardias' administrative charge. This assertion is not supported by the record, and defendants appear to have dropped this argument in their reply brief. Accordingly, this portion of defendants' motion is denied.

B.  Failure to State a Claim for Relief (Fed. R. Civ. P. 12(b)(6))

1.  Legal Standard

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri*, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *see also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief

2

1 survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to
2 dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is
3 not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570. Rather, the
4 complaint need only give "enough facts to state a claim to relief that is plausible on its face."
5 *Id*.

### 2. Defense Counsel

Plaintiff has handwritten defense counsel's name in the caption of the FAC. This is something he acknowledges he did upon the filing of the pleading. However, there are no facts alleged suggesting any liability by defense counsel. Nor is it apparent that plaintiff properly could state a claim against her, since her only affiliation with the University appears to be limited to her role as litigation counsel in this matter. Accordingly, Mary Cain-Simon is dismissed from this suit with prejudice.

### 3. Res Judicata

Gardias claims that the University discriminated against him by restricting his use of an electric cart (i.e., he reportedly was not permitted to drive his cart on San Fernando Street, which borders one part of the University's campus). The University argues that this claim is barred by the *res judicata* doctrine because claims of alleged discrimination based upon Gardias' use of an electric cart have already been adjudicated by this court in plaintiff's prior actions.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171, 171 L.Ed.2d 155 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire*, 532 U.S. at 748-49. "By 'preclud[ing] parties from contesting

3

matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id*. at 2171 (quoting *Montana v. United States*, 440 U.S. 147, 15-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

While this court declines to rule that all claims pertaining to Gardias' use of an electric cart are prospectively foreclosed, it finds that the allegations asserted in the instant complaint are barred because they are, in substance, the same as those that have already been adjudicated in defendant's favor in Gardias' past lawsuits. Additionally, having reviewed Gardias' motions to file amended pleadings, which were filed while the instant motion was being briefed, this court finds that the deficiencies addressed here cannot be resolved by amendment.[2] Accordingly, defendant's motion as to Gardias' discrimination claims pertaining to his use of an electric cart is granted.

### 4. Retaliatory Harassment

There is, however, a portion of Gardias' First Amended Complaint which survives dismissal. In sum, Gardias alleges that he has been subjected to a hostile work environment, primarily at the hands of his supervisors Adam Bayer and Daryn Adams, in retaliation for his participation in protected activities. A claim for harassment as retaliation "is cognizable under the anti-retaliation provisions of Title VII." *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000). "Harassment is actionable only if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id*. at 1245 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L.Ed.2d 295 (1993)). "Not every insult or harassing comment will constitute a hostile work environment." *Id*. Numerous "derogatory or humiliating statements, however, can constitute a hostile work environment." *Id.*

---

[2] It is not clear that Gardias' proposed amendments state claims that are different from those that have already been alleged in his first amended complaint. In any event, it appears that at least some of the matters Gardias wishes to add by amendment have not been properly exhausted.

4

Although his complaint is somewhat sparse, in his opposition papers Gardias asserts that his supervisors made it more difficult for him to complete certain jobs (e.g., by giving him the wrong tools for certain jobs, or by giving him wrong or unnecessary work orders) and then criticizing him for it. He further alleges that Daryn Adams regularly criticized Gardias in front of his co-workers, who allegedly then also began to criticize plaintiff. (Gardias claims that he complained to Adams, but Adams allegedly refused to do anything about the alleged harassing conduct). Plaintiff says that the alleged harassment caused him to have at least two anxiety attacks (in or about August and November 2009), for which he sought medical treatment. His physician reportedly recommended, among other things, that Gardias be transferred to an environment away from Adam Bayer, but Gardias claims that his requests for a transfer were denied without explanation by the University.

Although Gardias has asserted claims for retaliatory harassment in prior lawsuits, this court finds that the claims being asserted here are not barred by *res judicata*. And, liberally construed, the court finds these allegations are sufficient to state a claim for retaliatory harassment. Accordingly, defendant's motion to dismiss that claim is denied. The court emphasizes, however, that this ruling does not necessarily mean that plaintiff will ultimately prevail on this claim. In the end, it may be that his allegations will not be borne out by the evidence. The University may have a plausible explanation or legitimate justification for the conduct that plaintiff claims is harassing. Plaintiff may not be able to link the actions he finds objectionable to a design to retaliate against him for engaging in protected activity. At this point in time, however, this court cannot say for sure. At any rate, in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court evaluates only whether plaintiffs' claims have been sufficiently pled, not whether he will ultimately succeed on the merits.

ORDER

Based on the foregoing, IT IS ORDERED THAT:

1.   Defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is DENIED.

5

2. Defendants' motion to dismiss as to defense counsel is GRANTED, and Mary Cain-Simon is DISMISSED from this action WITH PREJUDICE.

3. Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss is as to plaintiff's claim for retaliatory harassment is DENIED.

4. Defendants' Fed. R. Civ. P. 12(b)(6) motion is otherwise GRANTED as to all of plaintiff's claims for alleged discrimination based on his race, color, national origin and disability.

5. An initial case management conference is set for **September 28, 2010, 1:30 p.m.** The parties' joint case management statement shall be file no later than **September 21, 2010**.

Dated:   August 18, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

5:09-cv-05611-HRL Notice has been electronically mailed to:

Mary Susan Cain-Simon Mary.CainSimon@doj.ca.gov, ECFCoordinator@doj.ca.gov, Leticia.MartinezCarter@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5:09-cv-05611-HRL Notice mailed to:

Piotr J. Gardias
72 Floyd Street
San Jose, CA 95110